# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

LUIS MENDEZ-RAZO,

    Defendant.

Case No. 11-20115-CM

## MEMORANDUM AND ORDER

This matter is before the court on defendant Luis Mendez-Razo's pro se Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) in Light of Retroactive Effect of Amendment 782 (Doc. 125). Defendant seeks to reduce his sentence based on Amendment 782 to the United States Sentencing Guidelines, which took effect on November 1, 2014. Amendment 782 generally lowers the base offense levels in the Drug Quantity Table, U.S.S.G. § 2D1.1, by two levels.

On September 4, 2012, defendant entered a guilty plea to one count of conspiracy to distribute, and possess with intent to distribute, more than 500 grams of a mixture and substance containing methamphetamine. The Presentence Investigation Report attributed 5,999.9 grams of ice methamphetamine to defendant for purposes of determining his base offense level. Defendant received a three-level reduction from his base offense level of 38 for acceptance of responsibility. His total offense level of 35, along with his I criminal history score, resulted in a guideline range of 168 to 210 months imprisonment. Pursuant to the plea agreement, the government recommended a sentence at the low end of the applicable guideline range. On December 18, 2012, this court sentenced defendant to 168 months imprisonment. Defendant did not object to the contents of the Presentence Investigation Report and did not file a direct appeal.

Under 18 U.S.C. § 3582(c)(2):

[I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The district court may not reduce a defendant's sentence "if the amendment 'does not have the effect of lowering the defendant's applicable guideline range.'" *United States v. Price*, 486 F. App'x 727, 731 (10th Cir. 2012) (citing U.S.S.G. § 1B1.10(a)(2)(B)).

The Drug Quantity Table found in U.S.S.G. § 2D1.1(c) was used to determine defendant's base offense level. At the time defendant was sentenced, § 2D1.1(c) provided for a base offense level of 38 for any defendant who was responsible for more than 1.5 kilograms (1500 grams) of "ice" or "actual" methamphetamine. Under Amendment 782, a defendant must be responsible for 4.5 kilograms (4,500 grams) or more of "ice" or "actual" methamphetamine in order to have a base offense level of 38. As established in the Presentence Investigation Report, defendant was responsible for 5,999.9 grams of "ice" methamphetamine. Under Amendment 782, defendant would still have a base offense level of 38. Defendant is therefore not entitled to a sentence reduction under 18 U.S.C. § 3582(c)(2).

**IT IS THEREFORE ORDERED** that Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) in Light of Retroactive Effect of Amendment 782 (Doc. 125) is dismissed for lack of jurisdiction.

Dated April 3, 2019, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**